NOURSE & BOWLES, LLP
Attorneys for Petitioner
FIRST AMERICAN BULK CARRIER CORPORATION
One Exchange Plaza
At 55 Broadway
New York, NY 10006-3030
(212) 952-6200

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
FIRST AMERICAN BULK CARRIER                          :
CORPORATION,                                         :

                Petitioner,        :   07 Civ.  (   )

                - against -        :   **AFFIDAVIT OF JULIA M. MOORE**
                            :   **IN SUPPORT OF PETITION TO**
VAN OMMEREN SHIPPING (USA) LLC and :   **COMPEL ARBITRATION**
STRONG VESSEL OPERATORS LLC,                         :

                Respondents.       :

-------------------------------------------------------X

        JULIA M. MOORE, being duly sworn, deposes and states:

        1.    I am an attorney at law, duly admitted to practice before this Court, and associated with the firm Nourse & Bowles, LLP, counsel of record to the Plaintiff First American Bulk Carrier Corporation (hereafter "FABC"). As such, I am fully familiar with the facts set forth herein and with all prior proceedings had to date.

        2.    I make this affidavit in support of the Petition to Compel Arbitration against Strong Vessel Operators, LLC. (hereafter "Strong") as the successor-in-interest and/or alter ego of Van Ommeren (USA) LLC.

3.    This Petition seeks to compel Strong to arbitrate FABC's claims for indemnity and contribution arising out of a charter agreement between Strong's predecessor-in-interest and/or alter ego, Van Ommeren Shipping (USA) LLC, in connection with two claims for personal injuries and property damage caused by a 450 ton mobile crane mounted on FABC's vessel, the M/V CHESAPEAKE BAY (hereafter sometimes referred to as "the vessel"). The amount of the indemnity sought by FABC is $8,7677,630.00, plus interest, which is comprised of payments made in settlement of two personal injury claims sustained by crew members of the vessel in separate occurrences, defense costs and losses incurred in an action filed by the crane owner for property damage. This Petition is related to an action previously filed as <u>First American Bulk Carrier Corp. v. Van Ommeren (USA) LLC, et al</u> , 04 Civ. 9922 (LLS) which is presently before the Court in connection with a request to file a motion to amend that complaint to add Strong as a party based on its status as the successor-in-interest/alter ego to Van Ommeren (USA) LLC.  The relevant facts are set forth below:

THE CHARTER CONTRACT

4.    The basis of FABC's indemnity claim is a charter contract and addenda entered into between FABC and Van Ommeren Shipping (USA) LLC (hereafter "Van Ommeren"). A copy of the charter agreement is annexed as an exhibit to the petition.  The charter contract provided *inter alia* that Van Ommeren would charter the vessel from FABC to facilitate a voyage sub-charter of the vessel to the Military Sealift Command (hereafter "MSC") for the carriage of munitions to the middle east. Because some of the ports at which the MSC required the vessel to call lacked sufficient shore-side crane capacity to off-load the vessel's cargo, a requirement of MSC's sub-charter contract with Van Ommeren, and Van Ommeren's charter

with FABC, was that Van Ommeren was obligated to arrange for a mobile crane to be temporarily loaded on the vessel to facilitate the planned MSC voyages and charter.

5.    Van Ommeren located a crane and leased it from Anthony Crane Rental. FABC was not a party to the lease. FABC permitted the crane to be loaded, stowed and operated on the vessel, but it required a contractual agreement from Van Ommeren that Van Ommeren would assume all liability for damages incurred by FABC as a result of the crane being aboard the vessel including full responsibility for the crane, its operator, operations and associated equipment.

6.    In addition, the charter contract sets out Van Ommeren's agreement to assume all responsibility for selecting, loading and stowing the crane aboard the vessel or for operating and maintaining the crane for the duration of the equipment lease.   As a matter of fact, FABC had no input into the selection of the crane or the loading, stowing or operation of the crane Van Ommeren placed aboard the vessel. Van Ommeren alone provided the plans, instructions, lashing and securing equipment for loading and stowing the crane on the vessel.

VAN OMMEREN'S INDEMNITY OBLIGATIONS ARE TRIGGERED

7.    At the heart of the current dispute is FABC's claim that Van Ommeren breached certain contractual obligations with regard to the crane, thereby causing injury to two officers of the vessel and obligating FABC to incur substantial losses in the form of settlements and defense costs in connection with the personal injury and property damage actions that followed the Hamilton casualty by virtue of its obligations as employer of the seamen and owner of the vessel. In the first instance, FABC settled a judgment after trial and appeal arising out of the

personal injuries sustained by third officer Richard Andrews when a jury found that he fell from the crane and broke his heel.

8.     In the second claim, FABC defended and settled an action brought by first officer Wayne Hamilton after he lost part of his leg when the crane broke from its lashing in heavy weather and a crane mat struck him.  FABC contends that both of these injuries, and the damages FABC was obligated to pay as a result, were directly caused by Van Ommeren's breach of its obligations under the charter contract and/or that the circumstances surrounding the accidents which lead to the personal injury and property damage actions triggered Van Ommeren's duty to indemnify FABC under the charter contract.  These issues are subject to arbitration.

ARBITRATION WITH VAN OMMEREN

9.     To resolve the indemnification issues, FABC demanded arbitration with Van Ommeren (USA) LLC and each party has appointed an arbitrator.  In addition, counsel representing both sides have met and discussed the underlying issues and settlement and, at the request of Van Ommeren (USA) LLC's counsel, FABC has also produced approximately 4000 documents relevant to the Andrews claim and a 14 page, single-spaced letter outlining the basis for Van Ommeren (USA) LLC's liability to FABC on all claims.  We understand that as counsel for Van Ommeren had acted on Van Ommeren's behalf in the Hamilton personal injury state court action, there was no need to produce documents on the Hamilton claim.  This firm has further invited Van Ommeren's counsel to participate in additional settlement meetings to discuss the evidence produced.  To date, additional meetings have not been held,

and it appears from the lack of response to FABC's requests, that Van Ommeren (USA) LLC has lost interest in discussing settlement.

10.    Recently, this firm became aware that Van Ommeren was no longer actively in business.  Further inquiry revealed that Van Ommeren Shipping (USA) LLC, the entity contractually obligated to arbitrate with FABC, has ceased operations under that name. Information posted under the former Van Ommeren website at www.voshipping.com, which site is now occupied by Strong, indicates that Van Ommeren (USA)'s license to use the Van Ommeren name had expired and that all its operations were now part of Strong.  (See Exhibit A).  The site also reveals that Strong uses the "VO" prefix for its email addresses and URL for its site.  (See Exhibit A).

11.    Research into public documents available through the Connecticut Secretary of State, where the former Van Ommeren and Strong are/were both registered, indicates that Van Ommeren (USA) LLC is "inactive" and that Strong is the active corporate entity operating out of Van Ommeren's former offices.  The Secretary of State documents further indicate that "Van Ommeren (USA) LLC" is a "former name" of Strong.  See Exhibit B.

12.    Additional information available through the web also revealed that the ownership of Strong was substantially the same as that of Van Ommeren before the entity was rendered inactive. (See Exhibit C).  This information creates the reasonable belief that Strong and Van Ommeren have merged, or that a de facto merger has taken place, and that Van Ommeren no longer exists as an active entity with business operations, employees or assets, but that these have been taken over by Strong.

13.    Significantly, my office has conducted a search for any information indicating that Van Ommeren Shipping (USA) LLC continues to conduct business, or is registered as an active corporation, and has found no such information.  In addition, Van Ommeren USA Inc. submitted an affidavit to this Court in which it alleged that Van Ommeren USA, Inc. was no longer an active corporation although it fails to set forth any allegation that Van Ommeren Shipping  (USA) LLC continues to be an active, ongoing business operation.  A copy of the affidavit of John Love, setting forth these facts, is attached hereto as Exhibit D.

JULIA M. MOORE

Sworn to before me this
12 day of December, 2007

Notary Public

MARY T. BANNON
Notary Public, State of New York
No. 01BA4785995
Qualified in New York County
Commission Expires February 28, 2010

# Exhibit A

 

**USA FLAG VESSEL OWNER, OPERATOR, CHARTERER**

HOME | OUR HISTORY | OUR VESSEL | HAWAII SERVICE-MV JEAN ANNE | CHARTER ACTIVITIES | LINKS

### COMPANY HISTORY

Strong Vessel Operators ("SVO") operated for over 50 years in the USA under the name Van Ommeren Shipping ("VOS"). Initially VOS acted as agents for foreign dry bulk, tanker, liner, heavylift and marine salvage companies. In the late 70's, VOS started to book cargos and ships for it's own account. This was followed by the acquisition in 1984 of the US flag heavy lift vessel "Strong Texan" as part of a consolidation between Dock Express Contractors and VOS.

VOS used to be part of The Van Ommeren Group, a Netherlands based multi-national company involved in tank storage and ocean shipping. Van Ommeren decided to concentrate on tank storage and spun off most of its non-core activities. VOS was spun off in 1997 to US citizen interests. In 1999 the Van Ommeren Group and Pakhoed merged to form Vopak. VOS' license agreement to trade under the Van Ommeren name and logo expired at the end of 2003 at which time the company's name was changed to Strong Vessel Operators LLC.
The name is derived from the prefix STRONG of its U.S.-flag vessels such as that of its first US flag vessel "Strong Texan".

SVO continues VOS' activities unchanged. The company is active as ship owner and
ship charterer, with emphasis on U.S.-flag. VOS is a partner in a $ 100.0 million venture with automobile logistics company The Pasha Group to own and operate a 4,300 capacity PCTC (Pure Car Truck Carrier), presently under construction in a US shipyard for delivery end 2004. SVO is interested to expand its U.S.-flag operations and is continually evaluating new projects. .

Copyright © 2004 Strong Vessel Operators LLC.   All rights reserved.

# Exhibit B

LexisNexis* *Total Research System*

*My Lexis™* | Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Total Litigator          Dossier | History | 🖭

All Results - (3) \ Company & Financial - (3)

Source: **Combined Source Set 3** [i] - U.S. Private Company Reports
Terms: **Van Ommeren AND Strong Vessel** (Edit Search | Suggest Terms for My Search)

↰Select for FOCUS™ or Delivery
☐

*CIUS, 8/21/2007, Strong Vessel Operators L.L.C.*

Copyright 2007 Information Access Company, a Thomson Corporation Company
IAC (SM) Company Intelligence ® -- U.S.

August 21, 2007

**Strong Vessel Operators L.L.C.**

Three Stanford Landing, 46 South
Stamford, CT 06902-7236
United States

**MSA:** 1120 Boston, MA-NH

**\* \* \* \* \* \* \* \* \* COMMUNICATIONS \* \* \* \* \* \* \* \* \* \***
**TELEPHONE:** (203) 975-1010
**FAX:** (203)705-4528
**URL:** http://www.voshipping.com
**E-MAIL:** svo@vosusa.com

**\* \* \* \* \* \* \* \* \* COMPANY IDENTIFIERS \* \* \* \* \* \* \* \* \* \***
**IAC-ACC-NO:** 0000232908

**\* \* \* \* \* \* \* \* \* COMPANY INFORMATION \* \* \* \* \* \* \* \* \* \***
**LEGAL STATUS:** Private Company, Headquarters Location
**EMPLOYEES:** 13 (Telephone Interview)

**\* \* \* \* \* \* \* \* \* EXECUTIVES \* \* \* \* \* \* \* \* \* \***

| **NAME** | **ROLE** |
| --- | --- |
| Nickel Van Reesema, President | Chief Executive Officer |
| Frank Phelan, Chief Financial Officer | Chief Financial Officer |
| Bryan Alix, Marketing & Sales Manager | Head of Marketing, Sales |

**\* \* \* \* \* \* \* \* \* DESCRIPTION \* \* \* \* \* \* \* \* \* \***
Transportation: Domestic and international deep sea freight transportation.

**\* \* \* \* \* \* \* \* \* MARKET AND INDUSTRY \* \* \* \* \* \* \* \* \* \***
**PRIMARY NAICS:**
483113 - Coastal and Great Lakes Freight Transportation
**SECONDARY NAICS:**
483111 - Deep Sea Freight Transportation
**PRIMARY SIC:**
4424 - Deep Sea Domestic Transportation of Freight

*B*

**SECONDARY SIC:**
4412 - Deep Sea Foreign Transport Of Freight

**\* \* \* \* \* \* \* \* \* \* FINANCIALS \* \* \* \* \* \* \* \* \* \***
**FISCAL YEAR DATE:** December 31, 1992

REVENUES: $3.0 M
REVENUE TYPE: OPERATING REVENUE
REVENUE SOURCE: Estimate

Return

**VARIANTS:**

- Dock Express Contractors Inc., Name Change
- **Van Ommeren** Ceteco U.S.A. Inc., Name Change
- **Van Ommeren** Shipping U.S.A. Inc., Name Change



**LOAD-DATE:** August 23, 2007

Source:  **Combined Source Set 3** ⓘ **- U.S. Private Company Reports**
Terms:  **Van Ommeren AND Strong Vessel**  (Edit Search | Suggest Terms for My Search)
View:  Full
Date/Time:  Wednesday, November 14, 2007 - 1:02 PM EST

®  **LexisNexis**®   About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

1 of 8 DOCUMENTS

**THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY**

**CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE ISSUING GOVERNMENT AGENCY**

CONNECTICUT SECRETARY OF STATE

**Company Name:** STRONG VESSEL OPERATORS LLC

**Business Address:**
 CORPORATION TRUST CENTER 1209 ORANGE STREET
 WILMINGTON, DE

**Type:** FOREIGN LIMITED LIABILITY CO (FOREIGN LIMITED LIABILITY COMP)

**Status:** ACTIVE

**Filing Date:** 2/23/1998

**State or Country of Incorporation:** DELAWARE

**Registered Agent:** C T CORPORATION SYSTEM

**Registered Office:**
 ONE CORPORATE CENTER, FLOOR 11
 HARTFORD, CT 06103

**Members, Managers, Partners:**
 FRANK W. PHELAN
 46 SOUTHFIELD AVE.; SUITE 200
 STAMFORD, CT 06902
 TREAS.

**Other Name Information:**
 VAN OMMEREN SHIPPING (USA) LLC
 Type: FORMER

**Additional Information:** ORGANIZED IN DE ON 11/24/97

**Internal Number:** 584057

**Annual Report:**
 Date Due: 2/22/2008

**History:**
 File Date: 4/2/2007

CONNECTICUT SECRETARY OF STATE

Type: MISCELLANEOUS
Comments: CHANGE OF AGENT ADDRESS


File Date: 2/27/2007
Type: MISCELLANEOUS
Comments: REPORT (2007)


File Date: 3/3/2006
Type: MISCELLANEOUS
Comments: REPORT (2006)


File Date: 3/10/2005
Type: MISCELLANEOUS
Comments: CERTIFICATE OF AMENDMENT


File Date: 4/6/2004
Type: MISCELLANEOUS
Comments: REPORT (2004)


File Date: 4/14/2003
Type: MISCELLANEOUS
Comments: REPORT (2003)


File Date: 3/8/2002
Type: MISCELLANEOUS
Comments: REPORT (2002)


File Date: 2/27/2001
Type: MISCELLANEOUS
Comments: REPORT (2001)


File Date: 2/18/2000
Type: MISCELLANEOUS
Comments: REPORT (2000)

CONNECTICUT SECRETARY OF STATE

File Date: 2/16/1999
Type: MISCELLANEOUS
Comments: REPORT (1999)


File Date: 2/23/1998
Type: MISCELLANEOUS
Comments: CERTIFICATE OF REGISTRATION

**LexisNexis** *Total Research System*

Switch Client | Preferences | Sign Off | [?] Help

*My Lexis™* | Search | Research Tasks | Get a Document | *Shepard's®* | Alerts | Total Litigator          Dossier | History | 

Source: <u>Public Records</u> > <u>Find a Business</u> > <u>Corporation, Partnership & DBA Registrations by State</u> > **CT Business and Corporation Information** [i]

Terms: **Van Ommeren** (<u>Edit Search</u> | <u>Suggest Terms for My Search</u>)

✔Select for FOCUS™ or Delivery
☐

*CONNECTICUT SECRETARY OF STATE*

**THIS DATA IS FOR INFORMATIONAL PURPOSES ONLY**

**CERTIFICATION CAN ONLY BE OBTAINED THROUGH THE ISSUING GOVERNMENT AGENCY**

CONNECTICUT SECRETARY OF STATE

**Company Name:** STRONG VESSEL OPERATORS LLC

**Business Address:**
CORPORATION TRUST CENTER 1209 ORANGE STREET
WILMINGTON, DE

**Type:** FOREIGN LIMITED LIABILITY CO (FOREIGN LIMITED LIABILITY COMP)

**Status:** ACTIVE

**Filing Date:** 2/23/1998

**State or Country of Incorporation:** DELAWARE

**Registered Agent:** C T CORPORATION SYSTEM

**Registered Office:**
ONE CORPORATE CENTER, FLOOR 11
HARTFORD, CT 06103

**Members, Managers, Partners:**
FRANK W. PHELAN
46 SOUTHFIELD AVE.; SUITE 200
STAMFORD, CT 06902
TREAS.

**Other Name Information:**
VAN OMMEREN SHIPPING (USA) LLC

**Additional Information:** ORGANIZED IN DE ON 11/24/97

**Internal Number:** 584057

**Annual Report:**
Date Due: 2/22/2008

**History:**

File Date: 4/2/2007
Type: MISCELLANEOUS
Comments: CHANGE OF AGENT ADDRESS


File Date: 2/27/2007
Type: MISCELLANEOUS
Comments: REPORT (2007)


File Date: 3/3/2006
Type: MISCELLANEOUS
Comments: REPORT (2006)


File Date: 3/10/2005
Type: MISCELLANEOUS
Comments: CERTIFICATE OF AMENDMENT


File Date: 4/6/2004
Type: MISCELLANEOUS
Comments: REPORT (2004)


File Date: 4/14/2003
Type: MISCELLANEOUS
Comments: REPORT (2003)


File Date: 3/8/2002
Type: MISCELLANEOUS
Comments: REPORT (2002)


File Date: 2/27/2001
Type: MISCELLANEOUS
Comments: REPORT (2001)


File Date: 2/18/2000
Type: MISCELLANEOUS
Comments: REPORT (2000)


File Date: 2/16/1999
Type: MISCELLANEOUS
Comments: REPORT (1999)


File Date: 2/23/1998
Type: MISCELLANEOUS
Comments: CERTIFICATE OF REGISTRATION


Source:  Public Records > Find a Business > Corporation, Partnership & DBA Registrations by State > **CT Business and Corporation Information** ⓘ
Terms:  **Van Ommeren**  (Edit Search | Suggest Terms for My Search)
View:  Full
Date/Time:  Wednesday, November 14, 2007 - 1:08 PM EST

---



Copyright © 2007 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.

# Exhibit C

*Exhibit C*

 SAVE $30 ON THE NEWEST XM RADIO! XpressEZ FOR ONLY $39.99* ORDER NOW ▶ *after mail-in rebate

 **Forbes.com**

Search: **Forbes.com**  Quotes  Video  Web  Blogs  Advanced

**ENTREPRENEURS**
- Raise Capital
- Market Your Business
- Harness Technology

U.S.  EUROPE  ASIA    HOME PAGE FOR THE WORLD'S BUSINESS LEADERS Free Trial Issue

HOME  BUSINESS  TECH  MARKETS  ENTREPRENEURS  LEADERSHIP  PERSONAL FINANCE  FORBESLIFE  LISTS  OPINION

Commerce  Energy  Health Care  Logistics  Manufacturing  Media  Services  SportsMoney  Technology  Wall Street  Washington

# Nickel V Reesema

 Data Provided By

**RSS News Feed on Nickel Reesema** 

**Director** at
**Trailer Bridge, Incorporated**
Jacksonville, Florida
SERVICES / SHIPPING
Director since June 2001

Track This Person

57 years old

Mr. van Reesema, a director since June 2001, is the President and principal owner of Strong Vessel Operators, LLC, formerly Van Ommeren Shipping (USA) LLC, a U.S. flag ship owning company based in Stamford, Connecticut. Mr. van Reesema joined Royal Van Ommeren in The Netherlands in 1973 and became President of its U.S. subsidiary in 1979. He became a U.S. citizen in 1989 and with other management purchased VOSUSA in 1997. Mr. van Reesema is also the Chief Operating Officer of Pasha Hawaii Transport Lines LLC, which owns and operates a United States-flagged 4,300 PCTC engaged in trading between the United States mainland and Hawaii. Mr. van Reesema serves on both the Compensation and Nominating Committees.

**People Search**

1. Enter last name:

2. And/or stock symbol:

Go

**E-Mail Alerts**

Get new stories by email as they are published  **FREE**

**Company**

☐  Trailer Bridge, Incorporated

**Enter E-Mail Address:**

FAQ        Privacy Policy

Get quotes

**Cash Compensation (FY December 2006)**

| | |
|---|---|
| Salary | n/a |
| Bonus | n/a |
| O T H E R  Latest FY other short-term comp. | n/a |
| Latest FY other long-term comp. | n/a |
| Latest FY long-term incentive payout | n/a |
| **Total** | **n/a** |

**Stock Options (FY December 2006)**

| | Number of options | Market value |
|---|---|---|
| exercised | n/a | n/a |
| unexercised | n/a | n/a |
| unexercisable | n/a | n/a |
| **Total** | **n/a** | **n/a** |

**Related Links**

More top executives at TRBR

Robert Burke
Robert Dijk
Adam Gawrysh Jr

  **Buy stocks for $4** Click Here ▶ • No account minimum required shareBUILDER*

# Trailer Bridge Elects Two New Directors

*Press Release,*
*June 5, 2001*

**Jacksonville, FL** -- Trailer Bridge, Inc. (NASDAQ: TRBR) today announced that William G. Gotimer, Jr. and Nickel H.S. van Reesema have been elected to the Company's Board of Directors. These new directors will join John D. McCown, Charles R. Cushing and Artis E. James for a total of five members.

Mr. Gotimer, 42, is Secretary and General Counsel of Trailer Bridge. He is also a Vice President and member of the Board of Directors of Kadampanattu Corp., an affiliate that owns the two large roll-on, roll-off vessels that are chartered to Trailer Bridge. Mr. Gotimer has been associated with Trailer Bridge and Kadampanattu Corp. since 1991. His previous experience includes legal counsel with British Airways, Pan American World Airways and McLean Industries. Mr. Gotimer has an LL.M. in taxation from New York University School of Law and both a law degree and undergraduate degree in accounting from St. John's University.

Mr. van Reesema, 52, is President and principle owner of Van Ommeren Shipping (USA) LLC, a U.S. flag ship owning company based in Stamford, CT. Mr. van Reesema joined Royal Van Ommeren in The Netherlands in 1974 and became President of its U.S. subsidiary in 1979. He became a U.S. citizen in 1989 and with other management purchased VOSUSA in 1997. VOSUSA operates several U.S. flag heavy lift/container vessels and has an interest in Pasha Hawaii Transport Lines LLC. Pasha Hawaii has one 4,300 car capacity Pure Car/Truck Carrier under construction at a Gulf Coast shipyard, intended for the Hawaii trade and an option on an additional 4,300 car capacity Pure Car/Truck Carrier.

John D. McCown, Chairman and Chief Executive Officer of Trailer Bridge, said, ``We are pleased to have accomplished industry professionals like Bill and Nick joining our board. This announcement comes at a time when we are saddened by the recent death of Malcom P. McLean, our founder and board member. We will miss him. Bill and Nick will work with the rest of the board to help ensure that Malcom McLean's vision and inspiration will live on in Trailer Bridge.''

Trailer Bridge provides integrated trucking and marine freight service to and from all points in the lower 48 states and Puerto Rico, bringing efficiency, environmental and safety benefits to domestic cargo in that traffic lane. This total transportation system utilizes its own trucks, drivers, trailers, containers and U.S. flag vessels to link the mainland with Puerto Rico via marine facilities in Jacksonville and San Juan. Additional information on Trailer Bridge is available at the www.trailerbridge.com website.

This press release contains statements that constitute forward-looking statements within the meaning of the Private Securities Litigation Reform Act of 1995. The matters discussed in this press release include statements regarding the intent, belief or current expectations of the Company, its directors or its officers with respect to the future operating performance of the Company. Investors are cautioned that any such forward looking statements are not guarantees of future performance and involve risks and uncertainties, and that actual results may differ materially from those in the forward looking statements as a result of various factors. Without limitation, these risks and uncertainties include the risks of the company maintaining sufficient liquidity to operate its business, continued support of its lenders, vendors and employees, economic recessions, severe weather, changes in demand for transportation services offered by the Company, capacity conditions in the Puerto Rico trade lane and changes in rate levels for transportation services offered by the Company.

Contact:
Ralph W. Heim                         Devin Sullivan, Adam Prior
President & COO                       Investor Relations Counsel
Trailer Bridge, Inc.                  The Equity Group, Inc.
(800) 554-1589                        (212) 836-9608

# Exhibit D



607-99/JJW

FREEHILL, HOGAN & MAHAR LLP
Attorneys for Defendants
VAN OMMEREN SHIPPING (USA) LLC
and VAN OMMEREN USA INC.
80 Pine Street
New York, New York  10005
(212) 425-1900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FIRST AMERICAN BULK CARRIER CORP.,

|                     |                  |                     |
|---------------------|------------------|---------------------|
|                     | Plaintiff,       | 04 CV 9922          |
|                     |                  | (Stanton, J.)       |
| -against-           |                  |                     |
|                     |                  | **AFFIDAVIT OF**    |
| VAN OMMEREN SHIPPING (USA) LLC, | | **JOHN LOVE** |
| and VAN OMMEREN USA INC. and DOES | | |
| 1 through 10 Inclusive, | | |
|                     | Defendants.      |                     |

------------------------------------------------------------x

STATE OF CONNECTICUT      )
                          )ss.:
COUNTY OF FAIRFIELD       )

**JOHN LOVE**, being duly sworn, deposes and states as follows:

1.      At the time of the charter in this case and at the time of the

incidents which are the subject matter of this lawsuit, I was the secretary of VAN

OMMEREN SHIPPING (USA) LLC, a Defendant in this case. I make this Affidavit in

support of VAN OMMEREN SHIPPING (USA) LLC's application to stay pending

arbitration the lawsuit brought against it by FIRST AMERICAN BULK CARRIER

NYDOCS1/231566.1



Page 2

CORP. ("FABC") and in support of VAN OMMEREN (USA), INC.'s Motion to Dismiss for failure to state a claim upon which relief can be granted. I am fully familiar with the facts stated herein and all prior proceedings.

2.    VAN OMMEREN SHIPPING (USA) LLC was at the times material to this case a Delaware limited liability company formed in accordance with the limited liability company agreement dated October 16, 1997 for the purpose of owning and/or operating and chartering vessels in domestic and foreign trade. VAN OMMEREN SHIPPING (USA) LLC entered into a New York Produce Exchange time charter of the M/V CHESAPEAKE BAY with the ship's disponent owner FIRST AMERICAN BULK CARRIER CORP. ("FABC"). During the performance of this charter, injuries were alleged to have been sustained by two crewmembers, Wayne Hamilton and Richard Andrews. FABC paid Andrews $3,865,677.40 in settlement of his Jones Act claim and  FABC paid Hamilton $3,500,000 in settlement of Hamilton's Jones Act claim. VAN OMMEREN SHIPPING (USA) LLC paid $1 million to Hamilton in settlement of his lawsuit against VAN OMMEREN SHIPPING (USA) LLC. FABC asserted claims against VAN OMMEREN SHIPPING (USA) LLC for recovery of the monies paid to Andrews and Hamilton and VAN OMMEREN SHIPPING (USA) LLC also asserts a claim against FABC for reimbursement of the $1 million it paid to Hamilton.



Page 3

3.    Clause 17 of the Charter Party requires arbitration of all disputes between the parties.    FABC has noticed arbitration against VAN OMMEREN SHIPPING (USA) LLC and appointed Manfred Arnold as its arbitrator.    VAN OMMEREN SHIPPING (USA) LLC has agreed to arbitrate and has appointed Jack Berg, as its arbitrator.  A third arbitrator has not yet been appointed.

4.    Despite commencing arbitration, FABC has sued VAN OMMEREN SHIPPING (USA) LLC in this Court and VAN OMMEREN SHIPPING (USA) LLC requests that this Court stay this lawsuit pending the outcome of the arbitration. FABC has also sued VAN OMMEREN USA, INC., a company which has nothing to do with the Charter Party, the ship, the voyage or the injuries.  Accordingly, I request that the Court dismiss VAN OMMEREN USA, INC., as there is no claim against it upon which relief can be granted.

5.    Any connection between VAN OMMEREN SHIPPING (USA) LLC  and VAN OMMEREN USA, INC. has nothing to do with the transaction which is the subject matter of this lawsuit.  VAN OMMEREN USA, INC. was not an agent, servant, employee, partner or joint venturer of any other Defendant in this case. VAN OMMEREN USA, INC. had no employees or agents that participated in the negotiation of the Charter Party or its execution or the performance of any obligations that VAN OMMEREN SHIPPING (USA) LLC may have had during the



Page 4

voyages under the Charter Party, the loading or discharge of cargo nor did it have anything to do with the maintenance, navigation or operation of the ship.  VAN OMMEREN USA, INC. had no dealings, whatsoever with FABC, the owner of the CHESAPEAKE BAY.

6.    At the time of the incidents in question and thereafter, VAN OMMEREN SHIPPING (USA) LLC was a small business certified as such by the United States Small Business Administration and therefore not owned or controlled directly or indirectly by any large business.  Upon information and belief, VAN OMMEREN USA, INC. was dissolved several years ago.

7.    Any connection between VAN OMMEREN USA, INC. and VAN OMMEREN SHIPPING (USA) LLC has no relevance to this case, since VAN OMMEREN USA, INC. is a wholly separate corporation which had nothing to do with the transaction herein, which was a Charter Party between VAN OMMEREN SHIPPING (USA) LLC and FIRST AMERICAN BULK CARRIER CORP.

8.    VAN OMMEREN USA, INC. was sued by Wayne Hamilton in the Jones Act lawsuit brought by Hamilton in the Southern District of New York in which he alleged injuries aboard the M/V CHESAPEAKE BAY.  However, VAN OMMEREN SHIPPING (USA) LLC answered the Complaint for itself stating that it was mistakenly sued as VAN OMMEREN USA, INC.

NYDOCS1/231566.1

Page 5

**WHEREFORE**, your affiant respectfully requests this Court to dismiss the action as against VAN OMMEREN USA, INC. and for such other relief as this Court may deem just and proper.

Dated: Stamford, Connecticut
        January 20, 2005



_____        _____
                                        JOHN LOVE

Sworn to and subscribed before me
this        day of     /   , February 2005


        NOTARY PUBLIC

        FRANK W. PHELAN
          *Notary Public*
    MY COMMISSION EXPIRES NOV. 30, 2006